Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002611
16-SEP-2014
08:11 AM

NO. CAAP-13-0002611

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAI NALU REINKE-HARLACHER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DCW-13-0000122)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Kai Nalu Reinke-Harlacher
(**Reinke-Harlacher**) appeals from the Notice of Entry of Judgment
and/or Order, entered July 12, 2013 in the District Court of the
Second Circuit, Wailuku Division[1] (**district court**).

On January 18, 2013, Reinke-Harlacher was charged with
Assault in the Third Degree, in violation of Hawaii Revised
Statutes (**HRS**) § 707-712(1)(a) (1993). On July 12, 2013,
Reinke-Harlacher was found guilty of the lesser included offense
of Assault in the Third Degree, in violation of HRS § 707-
712(1)(a) and (2).

On appeal, Reinke-Harlacher contends the district court
erred by prohibiting introduction of evidence of the Complaining
Witness's (**CW**) history of violence to support his defense that CW
was the first aggressor and that Reinke-Harlacher acted in self-
defense.

---

[1] The Honorable Adrianne N. Heely presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Reinke-Harlacher's point of error as follows:

There was evidence to support a finding by the trier of fact that either Reinke-Harlacher or CW could have been the first aggressor at the time Reinke-Harlacher requested that he be allowed to introduce evidence of CW's violent or aggressive character. Therefore, the district court erred by denying Reinke-Harlacher's request to introduce evidence of CW's character related to violence or aggressiveness. State v. Maddox, 116 Hawai'i 445, 460, 173 P.3d 592, 607 (App. 2007); State v. Adam, 97 Hawai'i 413, 418, 38 P.3d 581, 586 (App. 2001); State v. Basque, 66 Haw. 510, 513-14, 666 P.2d 599, 601-02 (1983); State v. Lui, 61 Haw. 328, 330-32, 603 P.2d 151, 153-54 (1979). We cannot say beyond a reasonable doubt that such an error did not contribute to the trier of fact's finding that Reinke-Harlacher did not act in self-defense. Basque, 66 Haw. at 515, 666 P.2d at 603.

"It is clear that a defendant may not be retried for an offense of which he has been acquitted, whether expressly or impliedly, notwithstanding a subsequent reversal of the judgment on appeal." State v. Kalaola, 124 Hawai'i 43, 52-53, 237 P.3d 1109, 1118-19 (2010) (quoting State v. Feliciano, 62 Haw. 637, 644, 618 P.2d 306, 311 (1980)). Reinke-Harlacher was convicted of the lesser included offense of Assault in the Third Degree, in violation of HRS § 707-712(2), a petty misdemeanor. Thus, Reinke-Harlacher was impliedly acquitted of Assault in the Third Degree, in violation of HRS § 707-712(1), a misdemeanor. Therefore, Reinke-Harlacher may not be retried for Assault in the Third Degree, in violation of HRS § 707-712(1).

Although Reinke-Harlacher did not raise sufficiency of evidence as a point of error, this court must address it because the judgment requires vacation of Reinke-Harlacher's conviction. State v. Bannister, 60 Haw. 658, 660, 594 P.2d 133, 135 (1979)

(stating that although the appellant did not raise the double jeopardy issue, it must be addressed because the judgment requires reversal). When the evidence adduced at trial is considered in the strongest light for the prosecution, there was sufficient evidence to convict Reinke-Harlacher of Assault in the Third Degree, in violation of HRS § 707-712(2). State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

HRS § 707-712 states:

§707-712 **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(b) Negligently causes bodily injury to another person with a dangerous instrument.

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

"'Bodily injury' means physical pain, illness, or any impairment of physical condition." HRS § 707-700 (1993).

It can be concluded that CW consented to enter into a fight or scuffle when he followed Reinke-Harlacher out of the store and confronted him. That confrontation ultimately ended with CW grabbing Reinke-Harlacher and Reinke-Harlacher punching CW. Likewise, it can also be concluded that Reinke-Harlacher consented to enter into a fight or scuffle by taunting CW, and then punching CW. Given the conflicting testimony, it can also be concluded that neither CW nor Reinke-Harlacher was the first aggressor. Thus, there was substantial evidence that Reinke-Harlacher intentionally, knowingly, or recklessly caused bodily injury, i.e pain, to CW during a fight or scuffle entered into by mutual consent.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered July 12, 2013 in the District Court of the Second Circuit, Wailuku Division is vacated and this

case is remanded for a new trial only on the lesser offense of Assault in the Third Degree committed in a fight or scuffle entered into by mutual consent, in violation of HRS § 707-712(1)(a) and (2) as a petty misdemeanor.

DATED: Honolulu, Hawai'i, September 16, 2014.

On the briefs:

Ryan A. Ha
Deputy Public Defender
for Defendant-Appellant.

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge